UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRILEGIANT CORPORATION, | ) |
| | ) |
|       Plaintiff, | ) |
|   v. | ) Civil Action No: 3:02 CV 2237 (MRK) |
| | ) |
| BP PRODUCTS NORTH AMERICA INC., | ) |
| | ) December 2, 2003 |
|       Defendant. | ) |

**STIPULATION AND PROTECTIVE ORDER FOR
PRODUCTION OF DOCUMENTS FROM THIRD PARTY**

     **Whereas,** Plaintiff has requested certain discovery from third party Citicorp Credit Services, Inc. USA ("CCSI") that contains confidential and proprietary information that should not be made publicly available;

     **NOW, THEREFORE, THE PARTIES AGREE AND MOVE THE COURT TO ORDER THE FOLLOWING:**

1.    All information, documents, materials and testimony furnished in this action by CCSI in response to discovery or produced by agreement ("Litigation Materials") are deemed to have been provided subject to the provisions of this Stipulation and Protective Order and shall be used exclusively for the purposes of conducting this action.

2.    Documents produced by CCSI may contain confidential, private, proprietary or trade secret information, referred to herein as "Confidential Materials."

3.    Litigation Material designated as "Confidential" shall only be used for the purposes of conducting this action, including preparing for and conducting pre-trial, trial, and post trial proceedings in this action. Such materials shall not be disclosed to any person or entity except as provided in this Order and shall not be used for any business, commercial, or competitive purpose, or used in any other litigation or proceeding.

4.    Documents that constitute "Confidential Materials" shall be marked as Confidential. The term "Confidential Materials" also includes all testimony, documents and things referring or relating to the materials designated "Confidential" by CCSI, including, without limitation, all copies, notes, memoranda, summaries, abstracts, reports, pleadings, exhibits or testimony which contain or disclose information designated as "Confidential" by CCSI. The inadvertent failure to designate Litigation Material as "Confidential" at the time of production or disclosure shall not waive CCSI's right to seek an order of the Court later designating such Litigation Materials as "Confidential." "Confidential Materials" may be disclosed only to the following Authorized Persons:

      a)     The Court, or other person appointed by the Court and their personnel;
      b)     Court reporters who record depositions or other testimony in this action;
      c)     Parties, and in the case of a party that is an entity, the employees of that entity, including in-house counsel;
      d)     Outside counsel of record for the Parties and required employees of such counsel needed to assist in the conduct of this action; and
      e)     Independent experts to whom it is necessary that the Litigation Material be shown for purposes of assisting counsel in this litigation, however, a consultant or expert witness shall not be deemed to be "independent" if he or she is an officer, director or employee of Plaintiff or Defendant.
      f)     Notwithstanding anything to the contrary in this section 4, the documents may not be shown to any person who is employed by a competitor of CCSI. A competitor shall be defined as any credit card company or financial institution, any company providing consumer products or membership products as services to credit card companies, or any entity that an independent expert reasonably believes to be a competitor of CCSI. For purposes of this provision, Plaintiff and Defendant are not considered to be a competitor.

Plaintiff and Defendant must, prior to showing Confidential Materials to any person covered by section 4(c) and (e), obtain a signed statement from such person in the form attached hereto as Exhibit A confirming that they have read and understood the Order and agree to be bound by its terms.

5.     Deposition testimony or portions thereof may be designated as "Confidential" by so stating on the record at the deposition or by letter to all counsel, mailed within twenty (20) days after receipt of the deposition transcript by counsel.

6.     Plaintiff or Defendant may request, in good faith, by written notice that the designation of "Confidential" be modified or withdrawn. If CCSI does not agree to redesignate the materials as requested within ten (10) days of receipt of the written request, Plaintiff or Defendant may apply to the court for relief, so long as they provide at least ten (10) days notice to CCSI. The party contesting the designation shall have the burden to show why the classification is not proper. Pending the Court's determination of the application, "Confidential Materials" shall remain so designated and treated as such.

7.     Nothing in this Protective Order shall prevent CCSI from disclosing its own "Confidential Materials" as it deems appropriate. Such disclosure shall not be deemed a waiver of any kind whatsoever and shall not entitle other parties, non-parties, or their attorneys to use or disclose the designated Litigation Material in violation of this Order.

8.     All appropriate steps will be taken to maintain files containing "Confidential Materials" in a secure manner that precludes access by persons not permitted to obtain such information. Confidential Materials shall only be copied as necessary for discovery and trial preparation. When "Confidential Materials" are included within any pleadings

or documents filed with or otherwise disclosed to the Court, such materials shall be placed within a sealed envelope bearing a mark in substantially the following form:

> "CONFIDENTIAL: THIS ENVELOPE CONTAINS DOCUMENTS FILED UNDER SEAL PURSUANT TO COURT ORDER AND MAY NOT BE EXAMINED OR COPIED EXCEPT IN COMPLIANCE WITH THAT PROTECTIVE ORDER."

This material shall remain under seal until further order of the Court. The filing party shall place the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. If a document filed with the Court contains "Confidential Materials" not directly relevant to the purpose of the pleading, the confidential portions shall be redacted to the extent possible prior to filing, in order to minimize the volume of material filed under seal.

9. Immediately after final termination of all proceedings relating to this action, Plaintiff and Defendant shall assemble and return to CCSI all "Confidential Materials" and all copies thereof or destroy all such information and certify to CCSI's counsel in writing that all such information has been destroyed. At such time, Plaintiff and Defendant shall purge all data processing, word processing or similar computer systems and all data storage media of all such "Confidential Materials." All limitations on disclosure of "Confidential Materials" contained in this Order shall continue in full force and effect after final termination of this action.

10. The parties agree not to seek changes to this Order absent providing at least ten (10) days' written notice to CCSI's counsel.

Upon stipulation of Plaintiff and Defendant, the parties hereby move this Court to issue the attached Stipulated Protected Order.

| THE PLAINTIFF | THE DEFENDANT |
|---|---|
| TRILEGIANT CORPORATION | BP PRODUCTS NORTH AMERICA INC. |
| BY THEIR ATTORNEYS | BY THEIR ATTORNEYS |
| CUMMINGS & LOCKWOOD LLC | DAY, BERRY & HOWARD LLP |

By:_____    By:_____
   Robert P. Dolian. (CT 04278)              Steven M. Greenspan (CT 00380)
   Karen L. Allison (CT 21849)               Brian D. Porch, Jr. (CT 23650)
   Four Stamford Plaza                       One Canterbury Green
   107 Elm Street                            Stamford, CT 06901-2047
   Stamford, CT 06902                        (203) 977-7300
   (203) 327-1700

The foregoing having come before and been heard by this Court, is hereby: GRANTED/DENIED, this _____ day of _____, 2003.

SO ORDERED:

By:

_____
Judge Mark R. Kravitz
United States District Court

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

      I acknowledge that I have read the attached Stipulation and Protective Order entered in the United States District Court for the District of Connecticut in the action entitled <u>Trilegiant Corporation v. BP Products North America, Inc.</u>  I understand the terms of the Protective Order and agree to be bound by them, and I further agree to subject myself to the jurisdiction of such court.  I understand that a violation of this undertaking could be punishable as a contempt of Court.


Dated: _____          _____
                                                                               Signature


                                                                               _____
                                                                               Print or Type Name


.StmLib1:1040265.1 12/2/2003