UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRILEGIANT CORPORATION, | : | CIVIL ACTION NO. |
| | : | 3:02CV2237 (MRK) |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| BP PRODUCTS NORTH AMERICA INC., | : | |
| | : | |
| Defendant. | : | |
| | | FEBRUARY 2, 2004 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR
PERMISSION TO AMEND ANSWER TO ADD COUNTERCLAIMS**

Defendant, BP Products North America Inc. ("BP"), respectfully submits this Memorandum of Law in support of its Motion for Permission to Amend Answer to Add Counterclaims against the plaintiff, Trilegiant Corporation ("Trilegiant"). The proposed counterclaims include breach of contract and restitution for amounts Trilegiant overcharged BP during the course of the parties' performance of the same agreement under which Trilegiant has brought its original claims.

Rule 13(f) provides that "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f). This provision must be read in conjunction with Rule 15(a), which mandates that amendments be permitted "freely" when justice requires. See Banco Para El Comercio Exterior De Cuba v. First National City Bank, 744 F.2d 237, 243 (2d Cir. 1981); and see Resorts & Motel Advancement Dev. Agency v. Sloan, 1995 U.S. Dist. LEXIS 8930, *2-3 (S.D.N.Y., March 8, 1995). Moreover, pursuant to Rule 15, amendments should be allowed absent a showing that the movant has unduly delayed or

acted in bad faith or with dilatory motives. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Nerney v. Valente & Sons Repair Shop</u>, 66 F.3d 25, 28 (2d Cir. 1995 (per curiam)).

Justice requires that BP be allowed to file this counterclaim because (1) BP acted in a timely fashion after the grounds for the counterclaim became apparent during pretrial discovery in this case, and (2) because the issue relates to a narrow and easily determinable question of fact, introduction of the issues relating to the counterclaims will not unduly delay this litigation, nor will the plaintiff be prejudiced in any manner.

First, BP acted in a timely fashion because the grounds for these counterclaims became apparent only recently in discovery. During the deposition of plaintiff's designated expert, Greg Hilinski, on October 27, 2003, BP inquired into Mr. Hilinski's damages analysis and Trilegiant's billing methods for charging fees for services it provided pursuant to the BP Horizon Agreement, dated August 3, 1992 ("Agreement"). The Agreement is the centerpiece of this case. Specifically, counsel for BP inquired into the actual costs incurred by Trilegiant for providing "oil rebate" discounts, and why the costs were substantially lower than that set forth in the Agreement. Mr. Hilinski was unable to explain the difference in actual expenses to contractually estimated costs, and could not address whether the actual fees under the Agreement were reduced.

On November 5, 2003, Trilegiant supplemented its document production in order to provide documents purporting to show that the parties had agreed to adjust the fee. BP forwarded these documents, as well as numerous sets of accounting documents previously produced in this litigation, to its internal accounting department. Subsequent review and analysis revealed that Trilegiant failed to reduce the fees charged to BP under the Agreement to reflect

the lower, actual costs. Trilegiant substantially overcharged BP for the services under the Agreement.

Confronted with the notion that Trilegiant had overcharged BP for nearly the entire life of the program, counsel for BP conducted a thorough review and analysis of any and all relevant information, researched applicable case law in order to analyze the substantive and procedural issues affecting its potential claims, and prepared these papers. There was no unreasonable delay.

Second, because the issues relating to these counterclaims pertain to narrow and easily determinable questions of fact, introduction of the counterclaims will not unduly delay this litigation, nor will the plaintiff suffer any prejudice resulting therefrom. Indeed, the question of whether Trilegiant overcharged BP for costs associated with oil rebates can quickly be determined by applying the plain language of the Agreement and reviewing the billing and cost records. Little or no additional discovery will be necessary. The case, therefore, will not be unduly delayed because of these counterclaims, nor will the plaintiff suffer any prejudice.

For all the foregoing reasons, BP's Motion for Permission to Amend Answer to Add Counterclaims should be granted.

DEFENDANT,
BP PRODUCTS NORTH AMERICA INC.

By: _____
Steven M. Greenspan (ct00380)
Brian D. Porch, Jr. (ct236500)
One Canterbury Green
Stamford, CT 06901-2047
(203) 977-7300
Its Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 2nd day of February, 2004, via U.S. regular mail, postage prepaid, to

Robert P. Dolian
M. Julie Bonazzoli
Cummings & Lockwood LLC
Four Stamford Plaza
107 Elm Street
Stamford, CT 06902


_____
Brian D. Porch, Jr.