UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

TRILEGIANT CORPORATION,                )
                                       )
                         Plaintiff,  ) CIVIL ACTION NO. 3:02 CV 2237
                                       ) (JBA)
        v.                             )
                                       )
BP PRODUCTS NORTH AMERICA INC.,        )
                                       )
                         Defendant.  ) February 11, 2004

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S REQUEST TO AMEND

### I.    Statement of Facts

        Plaintiff, Trilegiant Corporation ("Trilegiant") brought

this action against the Defendant, BP Corporation North America,

Inc. ("BP") by Summons and Complaint dated November 18, 2002

("Complaint").  Trilegiant's Complaint concerns breach of

contract and unfair trade practices, and alleges that BP is

obligated to continue to pay Trilegiant its proportionate share

of certain revenues after termination of the parties' contract.

Specifically, Trilegiant's Complaint seeks recovery in

connection with BP's wrongful conduct <u>after</u> the termination of

**ORAL ARGUMENT REQUESTED**

the contract effective August 15, 2000.  All discovery to date
has focused on events and conduct subsequent to the termination
date.

BP, by motion dated February 2, 2004, has moved to amend
its Answer to raise counterclaims that span "the entire life" of
the contract, which the parties entered into August 3, 1992.
(See BP's "Memorandum of Law").

Pursuant to the Modified Scheduling Order in this action:
"All discovery, including all discovery relating to expert
witnesses, will be completed (not just propounded) by March 15,
2004."  All discovery in this case has been completed with the
exception of BP's filing of its expert report (due February 15,
2004) and the taking of the deposition of BP's expert (to be
completed by March 15, 2004).  The case is scheduled for a trial
ready date of May 14, 2004.

## II.  Legal Standard

Under Federal Rule of Civil Procedure 15(a), leave to amend
an answer "shall be freely given when justice so requires."
Fed. R. Civ. P. 15(a).  It is within the court's sound

discretion to grant permission for leave to amend.  "When

evaluating a motion to amend, a court must consider several

factors, including the likelihood of prejudice to the opposing

party, the existence of bad faith or dilatory motive, and

whether the proposed amendment would be futile."  Bleiler v.

Cristwood Contracting Co., Inc., 868 F. Supp. 461, 463-64 (D.

Conn. 1994) (citing Foman v. Davis, 371 U.S. 178, 182-83,

(1962); Moffitt v. Brookfield, 759 F. Supp. 94, 95 (1991).

       "Prejudice may exist if extensive additional discovery

would be required, if the proceedings would be delayed

significantly, or if an imminent danger exists that the moving

party would seek to abuse the discovery process to force a

favorable settlement."  Bleiler, 868 F. Supp. at 463-64 (citing

Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6

(2d Cir. 1987)).  A proposed amendment also may be prejudicial

to an opponent if discovery has been completed, unless the new

claim arises from similar operative facts and a similar time

frame.  Bleiler, 868 F. Supp. at 463-64 (citing Ansam Assocs.,

Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985));

Moffitt, 759 F. Supp. 2d at 95.

III. **Argument**

Trilegiant will be significantly prejudiced if BP's Motion
to Amend is granted.  The counterclaims, which BP now attempts
to raise, do not arise from the same facts or time period that
has been the focus of this action.  Trilegiant's action concerns
conduct occurring <u>after</u> termination of the parties' contract in
August of 2000.  The counterclaims that BP now attempts to raise
cover "the entire life" of the parties' agreement, which dates
back to August of 1992.  More specifically, BP is now seeking to
assert that the parties agreed-upon division of revenues for ten
years was somehow not in accord with the contract and that we
should revisit that ten year course of dealing.  Thus, if BP is
permitted to amend its Answer, it will be necessary to resume
discovery and extend proceedings in this action, resulting in
substantial expense and delay.  BP's efforts to amend its Answer
are nothing short of subterfuge calculated to force a favorable
resolution.

BP's claim that its delay in asserting this counterclaim is "through oversight, inadvertence or excusable neglect" truly strains credibility.  This contract has been in place since 1992.  Both parties have known its wording and provisions since that time.  In addition, the calculation and determination of Trilegiant's portion of the fee revenue was fully disclosed, fully discussed and periodically reviewed by both parties during the course of their contractual relationship.  BP is a large and sophisticated company.  It has inside and outside counsel, both of whom have advised the business executives involved in this relationship repeatedly over the years.  There is no allegation, nor can there be, that Trilegiant hid the method of determining its fees from BP.  Indeed, counsel for BP has been provided with correspondence between the parties where this division was fully itemized and disclosed many years ago.  Rather than it being "a newly discovered claim," it is an attempt to manufacture a claim out of whole cloth, either for the purpose of delaying this proceeding or for the purpose of giving the defendant bargaining leverage in regard to any possible settlement of the matter.  In

either case, it would be wholly inappropriate to disrupt this action, which is all but ready for trial, by adding this new and extraneous issue to these proceedings.

Fact discovery in this action has concluded and the matter is scheduled for a trial ready date of May 14. Trilegiant will suffer notable prejudice if BP is permitted to Amend its Answer at this late date. See generally Bleiler, 868 F. Supp. at 463-64; See, e.g., Moffitt, 759 F. Supp. at 95.

WHEREFORE, for the foregoing reasons, Trilegiant respectfully requests that BP's Motion to Amend be denied.

THE PLAINTIFF,
TRILEGIANT CORPORATION
BY CUMMINGS & LOCKWOOD
ITS ATTORNEYS

By _____
Robert P. Dolian (ct04278)
M. Juliet Bonazzoli (ct21394)
Four Stamford Plaza
107 Elm Street
Stamford, CT  06902
(203) 327-1700
jbonaz@cl-law.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MEMORANDUM OF LAW was sent via first-class U.S. Mail, postage prepaid, on this 11th day of February, 2004, to:

Steven M. Greenspan, Esq.
Brian D. Porch, Jr., Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT  06901-2047

M. Juliet Bonazzoli

.StmLib1:1047822.1 02/11/04

-7-