UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRILEGIANT CORPORATION, | : |
| | :     NO. 3:02CV2237 (MRK) |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BP PRODUCTS NORTH AMERICA, INC., | : |
| | : |
| Defendant. | : |

## RULING AND ORDER

Currently pending before the Court are Defendant's Motion for Permission to Amend Answer to Add Counterclaims [doc. #33] and Plaintiff's Objection to Defendant's Request to Amend [doc. #37]. Having considered the briefs of the parties[1] and having discussed the motion to amend with the parties during a telephonic conference on April 1, 2004, the Court DENIES Defendant's Motion for Permission to Amend Answer to Add Counterclaims [doc. #33].

This case was originally filed in state court in November 2002, and Defendant removed it to federal court in December 2002 [doc. #1]. Plaintiff and Defendant had a business and contractual relationship from approximately 1992 to 2001, when Defendant terminated the parties' contract. Plaintiff seeks recovery for breach of contract and CUTPA violations arising from Defendant's alleged failure to pay certain sums that Plaintiff claims Defendant was required to pay Plaintiff following termination of the parties' agreement. Defendant filed its Answer [doc.

---

[1] *See* Def.'s Mem. of Law in Supp. of Its Mot. for Permission to Amend Answer to Add Counterclaims [doc. #34]; Pl.'s Mem. of Law in Supp. of Its Obj. to Def's Request to Amend [doc. #38]; Reply Mem. of Law In Supp. of Def's Request to Amend [doc. #39].

1

#9] in January 2003 and did not assert any counterclaim against Plaintiff. In March 2003, the Court entered a Scheduling Order [doc. # 6] that required the parties to complete discovery by November 1, 2003 and to file any dispositive motions by December 1, 2003. On two occasions thereafter, the parties jointly requested amendments to the schedule [doc. ##22, 26], both of which were granted by the Court [doc. ##23, 28] so that currently the Scheduling Order in this case calls for completion of discovery by March 15, 2004 and the filing of dispositive motions by April 15, 2004. At the conference on April 1, 2004, the parties reported that, subject to the Court's disposition of the motion to amend, discovery was now finished. Defendant expects to file a dispositive motion on April 15, 2004, which, if granted, would dispose of this case; if that motion is denied, however, this case (which has not been claimed to a jury) is prepared to proceed promptly to trial before the Court.

On February 2, 2004 – approximately one month before the extended date for close of discovery – Defendant filed a Motion for Permission to Amend Answer to Add Counterclaims [doc. #33]. In that motion, Defendant sought to add counterclaims against Plaintiff for breach of contract and restitution for amounts Plaintiff allegedly overcharged Defendant "throughout the course of the parties' relationship." Plaintiff opposed the amendment.

Generally, courts should freely grant permission to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). However, if the Court finds that the movant has engaged in "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, [or if amendment would cause] undue prejudice to the opposing party . . ." the Court has discretion to deny leave to amend. *Rachman Bag Co. v. Liberty Mut. Co., Inc.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Foman*, 371 U.S. at 182); *see Cresswell v. Sullivan &*

*Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) ("The court plainly has discretion [] to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the [opponent].)."  In this case, the Court concludes that Defendant has unreasonably delayed in asserting its counterclaim, that Plaintiff would be unfairly prejudiced by allowing the amendment at this late date, and that Defendant will not be unreasonably prejudiced by denying the motion to amend.

Defendant argues that it only recently discovered that it had claims against Plaintiff and that it asserted the counterclaims promptly upon discovering them.  Therefore, Defendant argues, it has not unreasonably delayed in asserting its claims.  The Court disagrees.  The Court does not doubt that Defendant's counsel only recently discovered that Defendant had contractual claims that it could assert against Plaintiff.  But the date on which Defendant's counsel realized that his client had claims against Plaintiff is not determinative.  Rather, the question is whether through the exercise of reasonable diligence, Defendant could have discovered and asserted its claims earlier in this litigation.  The answer to that question is clear: Defendant has had the information it needed to determine whether it had contractual claims against Plaintiff for years (if not a decade).

In its proposed counterclaims, Defendant asserts that Plaintiff overcharged Defendant under the terms of the parties' agreement "for nearly the entire life of the program."  Def.'s Mem. in Supp. of Mot. for Permission to Amend Answer to Add Counterclaims [doc. #34] at 3.  During the Court's conference with the parties on April 1, it was apparent that Defendant had long had in its possession the information necessary to determine whether it had been overcharged under the terms of the contract.  Indeed, Defendant had that information even before

the contract was terminated. Once the litigation began, Defendant should promptly have investigated whether it had any counterclaims against Plaintiff arising from the parties' relationship and contract, and had it done so, Defendant should have discovered its newly alleged counterclaims. Yet, Defendant did not assert its counterclaims until discovery was nearly completed, and after the scheduling of this case had already been delayed twice. In these circumstances, the Court concludes that Defendant has failed to proffer an adequate justification for its delay in asserting its claims against Plaintiff. *See Parker v. Columbia Pictures Indus., Inc.*, 204 F.3d 326, 341 (2d Cir. 2000).

Of course, "'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion." *Id*. at 339 (quoting *Richardson Greenshields's Secs., Inc v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987).[2] However, in this case, the Court also concludes that Plaintiff would be unfairly prejudiced by allowing the amendment. Discovery is now complete, but both sides agree that additional discovery would be necessary if the Court permitted the amendment. While there is some disagreement about the amount of discovery and the additional delay that discovery would occasion, there is no doubt that additional discovery would be necessary and that there would be additional delay in an already twice-delayed case. Moreover, Plaintiff notes that its claims against Defendant focus on post-termination events, while Defendant's counterclaims are concerned with the parties' pre-termination conduct. While there is certainly some overlap among witnesses and subject matter, the different focus of Defendant's counterclaims also weighs

---

[2] In *Parker*, the Second Circuit made it clear that Rule 16's good cause standard supercedes the more liberal standard of Rule 15(a) when a motion to amend is filed after the deadline set by a scheduling order for amending pleadings. *See Parker*, 204 F.3d at 340. The scheduling order entered in this case did not include a deadline for amending pleadings.

against expanding the scope of this action to include Defendant's newly asserted claims.

Finally, the Court has considered the prejudice to Defendant if the Court denies the motion to amend, and the Court concludes that the prejudice to Defendant is minimal. *See Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) ("[C]onsiderations of undue delay, bad faith, and prejudice to the opposing party [are] touchstones of a district court's discretionary authority to deny leave to amend.") (citations omitted). First, there is no danger that Defendant will be barred from pursuing its claims against Plaintiff if it does not raise them in this case. During the conference on April 1, Plaintiff agreed that Defendant could pursue its claims in a separate action against Plaintiff. Second, while it is ordinarily more efficient to deal with all claims in one action, in this case it may well be more efficient or at least equally efficient to address these claims in separate actions. The reason for this is that if Defendant's dispositive motion (which will be filed next week) is granted, this case will be at an end. Defendant will then be free to pursue its claims against Plaintiff in a separate action. Moreover, even if Defendant's dispositive motion is granted and this case must be tried, the parties can tailor the findings they ask this Court to adopt in a manner that will make a separate action unnecessary or that will streamline substantially any separate action that may necessary. Defendant acknowledged as much during the April 1 conference call. Moreover, since the parties agree that any findings the Court makes in this action will have preclusive effect in any separate action between the parties, there is no risk that the two actions will produce inconsistent results. In these circumstances, therefore, the prejudice to Defendant is minimal.

Accordingly, Defendant's Motion for Permission to Amend Answer to Add Counterclaims [doc. #33] is DENIED.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
U.S.D.J.

Dated at New Haven, Connecticut: **April 6, 2004**