UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRILEGIANT CORPORATION, | : | CIVIL ACTION NO. |
| | : | 3:02CV02237 (MRK) |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| BP PRODUCTS NORTH AMERICA INC. | : | |
| | : | |
| Defendant. | : | JULY 12, 2004 |

**<u>JOINT PRETRIAL MEMORANDUM</u>**

1.    <u>TRIAL COUNSEL</u>

   **Counsel for Plaintiff:**

   Robert P. Dolian
   Kevin Broughel
   Cummings & Lockwood LLC
   Four Stamford Plaza
   107 Elm Street
   Stamford, CT 06902
   Tel: (203) 327-1700
   Fax: (203) 351-4535
   rdolian@cl-law.com
   kbroughel@cl-law.com

   **Counsel for Defendant:**

   Steven M. Greenspan
   Day, Berry & Howard, LLP
   City Place I
   Hartford, CT 06103
   Tel: (860) 275-0346
   Fax: (860) 275-0343
   smgreenspan@dbh.com

   Brian D. Porch, Jr.
   Day, Berry & Howard, LLP
   126 E. 56th Street
   New York, NY 10022

Tel: (212) 446-6818
Fax: (212) 446-6801
bdporch@dbh.com

2.      JURISDICTION

Jurisdiction is based on 28 U.S.C. § 1332, in that the parities are citizens of different states and the amount in controversy exceeds $75,000.

3.      LENGTH OF TRIAL

The parties have estimated that trial will last no more than five days, from July 26, 2004 until July 30, 2004.

4.      FURTHER PROCEEDINGS

The parties do not anticipate the need for conducting any further proceedings prior to trial.

5.      NATURE OF CASE

*Plaintiff's Claims*

This action arises out of defendant's misappropriation of an asset jointly developed with plaintiff.  In 1992, the parties entered into a joint marketing agreement under which plaintiff marketed and administered the Horizon Program.  Members of the Program received certain services from Trilegiant in return for a $25 annual fee billed to their BP credit card.  The parties shared the membership fee revenues pursuant to the terms of their joint marketing agreement.  In 2002, without plaintiff's knowledge or permission, defendant converted all of the existing Horizon Program members to its "new" BP MultiCard Program.  Since that date, defendant has retained all of the revenues derived from these members.

*Defendant's Position*

Trilegiant's claims must fail because it was Trilegiant, not BP, that terminated the BP Horizon Club Agreement thereby relinquishing any right to receive ongoing renewal revenue.  After the termination letter, the parties agreed that while BP prepared to offer a new program to existing card holders, Trilegiant would continue to service those card holders even after August 15, 2000, rather than BP canceling their cards.  However, the original agreement, including Trilegiant's obligations to market the Program ceased as of the termination date, and

after August 15, 2000, Trilegiant took no steps to solicit new members.  Consistent with the parties' understanding, BP discontinued the program in June 2002, when BP's new product was launched.  BP paid Trilegiant for continuing to service the BP Horizon members through June, 2002.

Moreover,  the manner in which BP ultimately discontinued the BP Horizon Club program was consistent with, and would have been permissible under, the terms of the Agreement even if BP had chosen to terminate the Agreement.  BP is not in breach of the Agreement.

BP's actions in discontinuing the Program in the manner which it chose cannot be characterized as wrongful, unfair or tortious because: (1) BP owed no continuing obligation to pay Trilegiant renewal revenues after Trilegiant's termination; (2) on several occasions BP notified Trilegiant of its intention ultimately to discontinue the BP Horizon Program in order to introduce its new product.; (3) in executing the Agreement with BP, including the inclusion of Paragraphs 14 and 15, Trilegiant expressly consented to BP discontinuing the program in the manner it chose; (4) because the BP Horizon Card was a BP-owned product and the cardholders were customers of Citibank, the credit issuer, Trilegiant could not have had any reasonable expectation to continue benefiting from them indefinitely.


6.     STIPULATIONS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff's Proposed Findings of Fact and Conclusions of Law are attached hereto as Exhibit A.  Defendant's Proposed Findings of Fact and Conclusions of Law are attached hereto as Exhibit B.


7.     TRIAL BRIEFS

The parties will not file pre-trial briefs.


8.     WITNESSES

*Plaintiff's Witnesses:*

1.     Tom Rusin: 100 Connecticut Avenue, Norwalk, CT; Executive Vice President, Product Management:  nature of plaintiff's business; financial underpinnings of plaintiff's business; terminology used; roles various parties fill in delivering services to the members; plaintiff's corporate history and structure.

2.     Chip Vann:   37 North Hillside Lane, Monroe, CT; former Trilegiant employee:  the status of the Horizon Program from 1999 to 2000; communications with BP

concerning the Program during that period; communications with BP regarding Trilegiant's notice of termination.

        3.     <u>Nayr Iglesias</u>: 71 Courtland Avenue, Unit 144, Stamford, CT; former Trilegiant employee:  The Horizon Program from 2000 to April 2002; communications with BP during that time period; discussions with BP regarding the continued administering and servicing of the Program by Trilegiant.

        4.     <u>Greg Hilinski</u>: 100 Connecticut Avenue, Norwalk, CT; Senior VP of Marketing Analysis, Finance:  computation of the value as of June 2002 of the net revenues Trilegiant would have received from the Horizon Program, based on the number of active members at that time, a projected attrition rate, and the cost of servicing those members; computations will be provided under various scenarios (discount rates of 5% to 20% and time periods of 10 and 20 years).  (Plaintiff's Expert Disclosures for Mr. Hilinski are attached hereto as Exhibit D).

*Defendant's Witnesses:*

        1.     Ellen Best
                    Eire Direct Marketing LLC
                    720 North Franklin
                    Suite 310
                    Chicago, IL  60610-3512

We anticipate that Ms. Best will provide testimony as to the relationship between the parties with respect to their performance of the Agreement, Trilegiant's termination of the Agreement, the strategic planning relating to the harmonization of the BP and Amoco programs after the merger, and BP's ultimate discontinuation of the BP Horizon Program and introduction of the new BP MultiCard product and all other matters generally addressed in her deposition. Defendant expects her direct testimony to be two hours.

        2.     Lisa Kilrea
                    BP Amoco
                    c/o Ogilvy & Mather
                    1 Illinois Center, 16th Floor
                    111 E. Wacker Drive
                    Chicago, IL  60601

We anticipate that Ms. Kilrea will testify to the relationship between the parties with respect to their performance of the Agreement, Trilegiant's termination of the Agreement and the discontinuation of the BP Horizon Program and introduction of the new BP MultiCard product and all other matters generally addressed in her deposition.  Defendant expects her direct testimony to be one and one half hours.

3.       Jennifer Montague
         c/o BP Comms. & Engagement Department
         C3-03, Britannic House, 1
         Finsbury Circus
         London EC2M 7BA
         United Kingdom

We anticipate that Ms. Montague will testify to events taking place regarding the discontinuation of the BP Horizon Program from April, 2002 through June, 2002, and the launching of the new BP MultiCard program and all other matters generally addressed in her deposition. Defendant expects her testimony to be one hour.

4.       Alan A. Schachter
         Willamette Management Associates
         305 Madison Avenue, Suite 5000
         New York, New York 10165

Mr. Schachter is Defendant's expert witness. If he testifies, Mr. Schachter will rebut the damage analysis issued by Plaintiff's expert, Greg Hilinski. Mr. Schachter will rebut the alleged economic losses suffered by Trilegiant as a result of the alleged failure of BP to perform under the Agreement.

Mr. Schachter's analysis is set forth in his report and deposition transcript and is based on the assumption (which defendant contests) that the aforementioned breach occurred, and, will express the opinion that Trilegiant's maximum total damages are $1,465,000 based on a five-year future income period.

Materials upon which Mr. Schachter may rely, as set forth in his report, Exhibit 151, include:

1. Expert Report of Alan A. Schachter dated March 16, 2004;

2. Amended Complaint dated October 6, 2003;

3. Plaintiff's Supplemental Expert Disclosure dated October 6, 2003;

4. SBBI 2003, Ibbotson Associates;

5. Deposition of Greg Hilinski taken on October 27, 2003;

6. Analyses prepared by Greg Hilinski (Exhibit 184, TRI 2005106 – TRI 2005141and TRI 2005758 – TRI 2005774);

7. BP Summary (TRI 2005876, TRI 2005774);

8. Draft of letter dated December 13, 1993 to Kathy Thompson at BP Oil (TRI 2005142);

9.   BP Horizon Service Cost Assumption (TRI 2005775);

10. Cendant Corporation Form 10-K December 31, 2002;

11. Notes taken from telephone conversation with Ellen Best on March 15, 2004 (Exhibit 152);

12. BP Private Label – Program Request Form – BP Fee Card Program Harmonization and Card Reissuance (BP 0558).


9.      TRIAL EXHIBITS

The parties Joint Exhibit List is attached hereto as Exhibit C.   In addition, Plaintiff's expert disclosures are attached hereto as Exhibit D and Defendant's expert report is attached as Exhibit E.


10.     DEPOSITION TESTIMONY

The parties reserve the right to interpose objections to the designations set forth below by the time of trial.

*Plaintiff's Designations:*

1.    Ellen Best:            page 12, line 8 to page 244, line 1

2.    James DuBoyce:        page 9, line 3 to page 77, line 4

3.    Lisa Kilrea:           page 8 line 10 to page 24, line 7;
                             page 29, line 20 to page 171, line 7;
                             page 181, line 1 to page 270, line 23;
                             page 276, line 6 to page 294, line 20

4.    Jennifer Montague:     page 13, line 11 to page 15, line 18;
                             page 17, line 21 to page 19, line 22;
                             page 38, line 2 to line 20;
                             page 43, line 24 to page 53, line 12;
                             page 106, line 21 to page 122, line 22
                             page 124, line 24 to page 147, line 16

5.    Terry Walker:          page 23; line 24 to page 37, line 13;
                             page 39, line 24 to page 41, line 16;
                             page 70, line 7 to page 75, line 14

6.    Monica Evans:          page 12, line 21 to page 94, line 2

7.      Kelley Clift:        page 4, line 9 to page 54, line 6

*Defendant's Designations:*

1.      James DuBoyce:      In its entirety.

2.      Terry Walker:      page 8; line 23 to page 11, line 14;
                        page 21, line 8 to page 21, line 24;
                        page 28, line 17 to page 28, line 25
                        page 32, line 22 to page 33, line 6
                        page 44, line 25 to page 46, line 11
                        page 52, line 18 to page 52, line 25
                        page 63, line 24 to page 64, line 6
                        page 68, line 2 to page 68, line 13
                        page 76, line 11 to page 81, line 8

3.      Monica Evans:      page 11, line 11 to page 12, line 15
                        page 15, line 3 to page 17, line 3
                        page 21, line 15 to page 22, line 17
                        page 36, line 13 to page 36, line 17
                        page 37, line 1 to page 38, line 1
                        page 39, line 15 to page 39, line 20
                        page 61, line 9 to page 61, line 25
                        page 68, line 9 to page 68, line 25
                        page 88, line 8 to page 88, line 19

4.      Kelley Clift:        page 4, line 14 to page 7, line 14
                        page 12, line 1 to page 12, line 25
                        page 18, line 1 to page 19, line 13
                        page 27, line 7 to page 27, line 19
                        page 54, line 11 to page 62, line 19
                        page 75, line 1 to page 135, line 4

11.   <u>ANTICIPATED EVIDENTIARY PROBLEMS</u>

      The parties do not anticipate any evidentiary problems.  There are just a few proposed exhibits to which the parties intend to interpose objection on the grounds of relevance and hearsay.

THE PLAINTIFF,
TRILEGIANT CORPORATION
BY CUMMINGS & LOCKWOOD LLC
ITS ATTORNEYS


By:   /s/  Robert P. Dolian
    Robert P. Dolian (ct04278)
    Kevin Broughel (ct 25838)
    Four Stamford Plaza
    107 Elm Street
    Stamford, CT  06902
    (203) 327-1700

THE DEFENDANT,
BP PRODUCTS NORTH AMERICA, INC.
BY DAY, BERRY & HOWARD
ITS ATTORNEYS


By:    /s/  Brian Porch, Jr.
    Steven M. Greenspan, Esq. (ct00380)
    Brian D. Porch, Jr., Esq. (ct23650)
    Day, Berry & Howard LLP
    One Canterbury Green
    Stamford, CT  06901-2047

.StmLib1:1066472.1 07/12/04